**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Aubrey Clark BAKER, Defendant-Appellant.**

**No. 17167.**

United States Court of Appeals Sixth Circuit.

Feb. 11, 1967.

---

Dale Quillen, Nashville, Tenn., for appellant.

Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was convicted on two counts of an indictment charging violation of 26 U.S.C. §§ 4704(a) and 4705(a) (1964) by the sale of 48 morphine tablets contained in a matchbox. The purchaser turned out to be an undercover agent for the United States Treasury Department.

The agent testified to the effect that an informer had supplied him with appellant's name as a possible source of narcotics; that he called appellant, identified himself as "Tony Rappo, from Miami"; that he said he had been told by named mutual friends to look appellant up, and that he wanted to talk to appellant "about some business." Appellant then came to the agent's motel room and after some further conversation in which the agent repeatedly indicated that he wanted to buy some "morphine and dilaudid," appellant guided the agent in the agent's car to the corner of Burbank and Peachtree Streets in Nashville. He then left the agent, returning in about fifteen minutes with a matchbox containing 48 pills (subsequently identified as morphine) which defendant gave the agent, receiving $25 in return.

Defendant in this case at trial offered two defenses. The first defense was that he didn't know that the 48 pills he admittedly "gave" to the Treasury Agent were morphine. The second was that the Treasury Agent entrapped him.

The first defense was fully submitted to the jury and rejected by it. The defense of entrapment was rejected by the District Judge in the middle of the argument of counsel for the government and in the presence of the jury.

Examination of the transcript shows that defendant's counsel's questions to defendant had pointed toward a defense of entrapment sufficiently to apprise the court that he intended to argue and request instruction thereon. If the court was in any doubt, it could under Rule 30, Fed. R. Crim. P., have required written instruction requests to have been submitted at an earlier point in the proceeding. This would have allowed for disposition of the entrapment issue out of the presence of the jury and hence avoided the possible prejudice of the ruling in the midst of argument and after defendant's counsel had relied on the defense of entrapment in his closing argument.

Defendant had testified that the Treasury Agent, operating under a pseudonym, had repeatedly asked defendant to get him some morphine; that he had never knowingly sold morphine; that he was somewhat handicapped by deafness and lack of schooling. These facts by no means establish entrapment as a matter of law. Sorrels v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Indeed, they represent very little more than that the agent presented the "'opportunities or facilities' for the commission of a criminal offense, and that is a far cry from entrapment." Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 434, 17 L.Ed. 2d 394 (1966). Even so, what little evidence there is (over and above evidence of opportunity) represents testimony from which the jury could have inferred that appellant lacked prior association with narcotics and was more than normally suggestible. This seems to us (if only barely!) to warrant submission of the issue of entrapment to the jury.

We do not think that in this Circuit the arguable inconsistence between defendant's first and second defenses at trial rules out submission of both to the jury. See Scriber v. United States, 4 F.2d 97 (C.A. 6, 1925). Cf. Sylvia v. United States, 312 F.2d 145 (C.A. 1, 1963), cert. denied, 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032 (1963).

Since this case must be retried and the same issues will inevitably recur, we feel it appropriate also to pass on defendant's other appellate issue.

The second question is based on a novel proposition. Appellant, relying on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), claims in essence that there is a right to counsel during the events which are alleged to represent the commission of a crime. *Escobedo* (and its sequel Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) was concerned with the rights of a police prisoner during in-custody interrogation about a crime which had already been committed. We do not think any language in either suggests that there is a constitutional right to counsel at the point where the crime is committed. Although this argument was not made in Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381 10 L.Ed.2d 462 (1963), where the relevant facts were similar to those we deal with here, had there been such a constitutional right, the Supreme Court would doubtless have recognized it.

In the recent case, Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), the United States Supreme Court again dealt with a situation which had many factual similarities to the instant case. In Lewis the appellant argued (albeit unsuccessfully) that his Fourth Amendment rights had been violated. Undoubtedly, however, had the Supreme Court felt that under the Sixth Amendment appellant Lewis was entitled to a lawyer at the point of the narcotics sale there involved, it would have said as much, even though the issue was not raised.

In the two cases just referred to, as in the instant case, the testimony held admissible was that of a government agent, and it concerned the alleged commission of a crime in his presence.

There is no constitutional right to counsel during the commission of a crime. The evidence supplied by the Treasury Agent was admissible and will be at retrial.

Reversed for new trial.