443 P.2d 860

STATE of New Mexico, Plaintiff-Appellee,

v.

Raymond GARCIA, Defendant-Appellant.

No. 8537.

Supreme Court of New Mexico.

July 22, 1968.

Anthony J. Albert, Sante Fe, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

CARMODY, Justice.

The defendant was found guilty by a jury of the possession of marijuana. From the judgment and sentence thereafter passed, he appeals.

Three separate errors are urged for reversal, (1) that a plea in abatement, seeking to remand the case to the justice of the peace for a preliminary hearing, was denied; (2) refusal of the court to give an instruction on the defense of entrapment; and (3) the denial of a request for a mistrial.

The defendant's primary contention relates to a claimed deficiency in the preliminary hearing. At the conclusion of that hearing, the defendant contended the complaint should be dismissed because of the absence of competent evidence that the substance involved was marijuana. This motion was denied and the defendant bound over to await the action of the district court. Prior to arraignment in the district court, a plea in abatement was filed, urging the lack of a valid preliminary hearing. The plea being overruled, defendant sought an alternative writ of prohibition in this court, but the same was denied in Garcia v. Scarborough, 76 N.M. 499, 416 P.2d 380 (1966). Thereafter trial was had, but the claimed error has been preserved.

In essence, the claim is that the only proof identifying the marijuana was by two officers who testified at the preliminary hearing, giving their opinions, based on the appearance of the substance, that the same was marijuana. It was admitted that the officers performed no test to determine its chemical composition. It is urged that art. II, § 14, of the New Mexico Constitution guarantees a preliminary hearing unless waived, and that this section of the Constitution when considered in connection with § 41-3-12, N.M.S.A.1953, requires that, at the preliminary hearing both the fact of an offense having been committed and probable cause that it was committed by the accused must be established. In other words, it is argued that the State must prove more than the probability that an offense has been committed.

We find this claim without merit. A preliminary hearing is not a trial of the person charged with the view of determining his guilt or innocence. The preliminary hearing and the trial are separate and distinct. State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196 (1963). The preliminary hearing is to determine whether a crime has been committed, the connection the accused has with it thereby informing him of the nature and character of the crime charged, to perpetuate testimony, and to establish bail, if the offense is bailable. State v. Melendrez, 49 N.M. 181, 159 P.2d 768 (1945).

Section 41-3-12, supra, insofar as applicable, states, " * * * if it *appear* that an offense has been committed, * * and that there is probable cause to believe the prisoner guilty thereof, * * *." (Emphasis added.) We do not believe that, in determining the facts essential to comply with this statute, it is necessary the evidence be such as would sustain a verdict of guilty upon a trial. The test at a preliminary hearing is not whether guilt is established beyond a reasonable doubt, but whether there is that degree of evidence to bring within reasonable probabilities the fact that a crime was committed by the ac-

cused. Cf., State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). See, also, Delay v. Brainard, 182 Neb. 509, 156 N.W.2d 14 (1968); Rideout v. Superior Court of Santa Clara County, Cal., 62 Cal.Rptr. 581, 432 P.2d 197 (1967); Carey v. State, 91 Idaho 706, 429 P.2d 836 (1967); and People v. Davis, 175 Cal.App.2d 365, 346 P.2d 248 (1959). There is nothing to the contrary in State v. Lazarovich, 27 N.M. 282, 200 P. 422 (1921).

 The determinative question on appeal is whether the evidence offered at the preliminary hearing was sufficient to meet the above tests and to establish reasonable ground to satisfy the magistrate's judgment. State v. Selgado, supra. In this case, we hold there was sufficient evidence. See, People v. Shaffer, 182 Cal. App.2d 39, 5 Cal.Rptr. 844 (1960). While it is true that a proper preliminary hearing is essential to due process of law (State v. Armijo, supra), nevertheless the facts of this case are not such as to compel a remand or a dismissal of the charges. The two police officers who testified at the preliminary hearing had many years of experience in dealing with narcotics. Although neither of them was skilled in the science of chemical analysis, each on many occasions had seen and examined substances which were later, by chemical analysis, proved to be marijuana. One of the officers in particular had viewed a substance, determined it to be marijuana, and found his judgment to be correct in more than a thousand cases. In our opinion, the substance in question was sufficiently identified as marijuana, through the testimony of these witnesses, for the purposes of the preliminary hearing. Although not technically experts, the testimony of these officers was admissible for the purpose for which it was received. Cf., State v. Rose, N.M., 442 P.2d 589, decided June 3, 1968; State v. Chavez, 77 N.M. 274, 421 P.2d 796 (1966); State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966); and People v. Cruz, Cal. App., 66 Cal.Rptr. 772 (1968). We would observe that there is no claim the substance was not properly identified at the time of trial, because at that time a truly qualified expert testified as to the properties of the substance. In any event, the plea in abatement was properly overruled.

 The defendant next claims that his requested instruction on entrapment should have been given. Defendant is entitled to an instruction on his theory of the case if there is evidence to support it. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965). In Akin, we discussed the elements of entrapment and need not reiterate them here. As we view the evidence, there is nothing to suggest undue persuasion or inducement by the officers, nor to indicate that the act was initiated by the officers. State v. Akin, supra. The defendant was merely offered the opportunity to make a sale, and although one count of the information charged him with a sale, this count was ultimately dismissed and the defendant was convicted of possession of marijuana. The jury found he was guilty of this latter offense. In any event, an informant testified to a meeting with the defendant and two other persons on the night previous to the alleged offense, at which time the defendant produced some marijuana. Thereafter, the informant made arrangements to obtain some marijuana from the defendant the next day or later. It was on the following day that the informant in conjunction with the officers, obtained the marijuana from the defendant. Under these circumstances, and with the case going to trial only on the charge of possession of marijuana, the court's refusal to instruct on entrapment, stating that it would inject a false issue into the case, was proper.

 In any event, the defense offered at the trial was an alibi, the defendant claiming that he could not have been in the vicinity of the place of the alleged violation. In such a situation, it is held by a number of highly-respected courts that the defense of entrapment is not available to a defendant who denies committing the offense, because to invoke entrapment necessarily assumes the commission of at least some of the elements of the offense. People v. Anthony, 28 Ill.2d 65, 190 N.E.2d

837 (1963); Reed v. State (Tex.Cr.App. 1967), 421 S.W.2d 116; and see, generally, Annots., 33 A.L.R.2d 883 at 910 (1954), and 61 A.L.R.2d 677 (1958). Contra, People v. Perez, 62 Cal.2d 769, 44 Cal.Rptr. 326, 401 P.2d 934 (1965). The decisions of the federal circuit courts are in conflict on the question, as noted in McCarty v. United States (5th Cir.1967), 379 F.2d 285, n. 2 at 286. There was no error in denying the requested instruction.

Finally, the defendant urges that a mistrial should have been ordered by the court. On cross-examination of the defendant by the district attorney, the following occurred:

> "Q. All right. Isn't it true, as a matter of fact, that you came here so that you could take a shipment of marijuana to Chicago, Illinois?
>
> "A. No, sir."

Objection was immediately made that the question was prejudicial. The court sustained the objection and admonished the jury to disregard the question. However, the court refused to declare a mistrial.

 Whether an admonition by the court can cure possible prejudice arising out of an improper question is a matter that must be determined according to the facts and circumstances of each case. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). We have ruled that such an error can possibly be avoided by the trial court's prompt action in admonishing the jury to disregard an improper question. State v. Garcia, 57 N.M. 665, 262 P.2d 233 (1953). The question in the case at bar did not involve prior convictions such as occurred in State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966), where we held that the very nature of the question was prejudicial and could not be cured by an admonition. Neither is this case comparable to State v. Cummings, 57 N.M. 36, 253 P.2d 321 (1953), where counsel repeatedly transgressed the bounds of propriety and by so doing possibly aroused the passions of the jury. In our opinion, the facts here are more analogous to State v. Ferguson, 77 N.M. 441, 423 P.2d 872 (1967), where we upheld the admonition of the trial court as curing any prejudicial effect. On the record before us, the motion for mistrial was properly denied.

The judgment is without error and should be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.