**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harold PICKLE and Jackie Edward
Pickle, Defendants-Appellants.**

**No. 28183.**

United States Court of Appeals,
Fifth Circuit.

April 8, 1970.

Arthur J. Hanes, Jr., Birmingham, Ala., Arthur J. Hanes, Sr., Birmingham, Ala., of counsel, for appellants.

Wayman G. Sherrer, Macon L. Weaver, U. S. Attys., R. Macey Taylor, Asst. U. S. Atty., L. Scott Atkins, Birmingham, Ala., for appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

Appellants were convicted of liquor offenses under 26 U.S.C.A. §§ 7206(4), 5604(a) (1) and 5691.

The rule in this Circuit is that a denial of the commission of the acts charged is inconsistent with a defense of entrapment. Marko v. United States, 314 F.2d 595 (5th Cir. 1963). Appellants denied the acts alleged. They are not within the decision in Sears v. United States, 343 F.2d 139 (5th Cir. 1965), which, in the special situation of a conspiracy case, allowed the defendant to deny being a party to the conspiracy and still defend on the ground that overt acts he committed were done as a consequence of entrapment. See also, Henderson v. United States, 237 F.2d 169 (5th Cir. 1956).

The contention that an undercover agent proposing to make a buy

of illegal liquor must give *Miranda* warnings to the prospective seller is wholly lacking in merit. One is not entitled to the assistance of counsel while committing the crime. United States v. Haynes, 398 F.2d 980 (2d Cir. 1968).

The testimony of the undercover agent who made the buy of liquor, concerning instructions he had been given not to entrap the potential sellers, was not hearsay. The hearsay rule is directed at out-of-court statements made to a witness by another person as to personal observations made by such other person. 5 Wigmore, Evidence, § 1361 at 2 (3d ed., 1940).

This testimony was presented as a part of the government's direct case. In a case in which the government involves itself in the commission of the offense, giving rise to a possible defense of entrapment, the burden is upon the defendant to prove conduct (the "inducement") which creates a substantial risk that the offense would be committed by a person not ready to commit it. The burden then is upon the government to come forward with evidence that the defendant was predisposed to commit the crime or was not overborne. Pierce v. United States, 414 F.2d 163 (5th Cir. 1969) (concurring opinion); United States v. Sherman, 200 F.2d 880 (2d Cir. 1952). Ordinarily the details of governmental participation will come out in the prosecution's direct case, as part of proof of the commission of the offense. Certainly, in many cases, to minimize confusion arising from handling what is at best a difficult matter, and to avoid expenditure of trial time on an issue not in the case, it would be preferable for the government to refrain in its direct case from anticipating that defendant will elect the entrapment defense and from shoring up in advance against that contingency. The defense may turn out to be that the accused did not do the act charged. Or at the conclusion of the direct defense case all the evidence may establish without contradiction that the government did not employ methods of persuasion or induce-

ment creating a substantial risk that the offense would be committed by one not ready to commit it. In either event entrapment will drop out of the case, and the government need not come forward with evidence of predisposition or evidence—such as the instructions to the agent in this case—tending to show that the accused was not overborne. However, these are matters of discretion for the trial court, and there was no abuse of discretion in this case.

Affirmed.