**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edgar Marvin CROWE, Jr., Defendant-**
**Appellant.**

**No. 28914**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1970.

John Kirby, Andrew A. Smith, Atlanta, Ga., for appellant.

* ■ Rule 18, 5th Cir.; See Isbell Enterterprises, Inc. v. Citizens Casualty Co. of

John W. Stokes, Jr., U. S. Atty., J. Owen Forrester, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before THORNBERRY, COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

■ Appellant was convicted for violations of 26 U.S.C. § 5205(a) (2) and 26 U.S.C. § 5604(a) (1), part of the federal statutory scheme regulating liquor revenue. Appellant argues that the federal agents used persuasion and deceitful representations, and lured and induced the commission of the alleged crime; he pleads the defense of entrapment. It is settled in this Circuit that a denial of the commission of the acts charged is inconsistent with a defense of entrapment. United States v. Pickle, 5th Cir. 1970, 424 F.2d 528 [April 8, 1970]; Longmire v. United States, 5th Cir. 1968, 404 F.2d 326; Marko v. United States, 5th Cir. 1963, 314 F.2d 595. Since appellant denied on the stand that he participated in the acts alleged, the defense of entrapment is unavailable to him.

■ Appellant also makes a somewhat vague contention that his admission of the crimes, made almost immediately after his apprehension, should not have been allowed into evidence because there was not proper compliance with Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Appellant, however, was given the *Miranda* warnings and he stated that he understood his rights before confessing guilt. There is simply nothing in the record to indicate that he did not understand the warnings, and we can only conclude that *Miranda* was adequately complied with and that appellant made a willing and intelligent waiver of his rights.

Affirmed.

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I [August 14, 1970].