**UNITED STATES of America**

v.

**Errol F. NEUMAN, Appellant.**

**UNITED STATES of America**

v.

**Michael NEUMAN, Appellant.**

**Nos. 23694, 23695.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 18, 1970.

Decided Oct. 29, 1970.

Petition for Rehearing Denied

Nov. 24, 1970.

Certiorari Denied March 22, 1971. See 91 S.Ct. 1190.

Mr. David Povich, Washington, D. C., for appellants.

Mr. John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. James R. Phelps, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges.

## PER CURIAM:

Appellants were convicted of acquiring and transferring marijuana in violation of 26 U.S.C. §§ 4744(a) and 4742(a) (1964). The evidence against them is ironclad. They sold hashish, without the required order forms, to two Government undercover agents who arrested them on the spot. On appeal they raise a single issue: whether the defense of entrapment was properly raised over the objection of appellants and evidence of predisposition to commit the crime charged properly admitted against them. The trial court ruled that appellants had in effect raised the issue of entrapment by the questions asked by their counsel of Government witnesses and the Government informer produced by appellants as an adverse witness.

Since a plea of entrapment admits commission of the act charged,[1] we question whether the defense of entrapment can ever be raised except *in terms* by the accused. We have been cited to no case and have found none which holds that the defense can be held to have been raised by inference, implication or estoppel based on ambiguous actions of defense counsel.[2] Obviously, however, it would be unfair if defense counsel could both put the issue of entrapment before the jury through his questioning and still keep the Government from presenting evidence of predisposition by declining formally to plead

1. Some circuits refuse to allow the defense of noncommission of the act charged where the defense of entrapment is also made. *See* Harris v. United States, 5 Cir., 400 F.2d 264 (1968). In this circuit we permit the alternative defenses. Hansford v. United States, 112 U.S.App. D.C. 359, 361, 303 F.2d 219, 221 (1962) (en banc).

2. The questions asked by defense counsel were primarily classic credibility questions relating to inducements offered the informer for his cooperation.

entrapment as a defense and by declining to request an entrapment instruction at the conclusion of the trial. Consequently, when defense counsel asks questions thought to be suggestive of entrapment, he should be instructed to plead the defense or abandon the line of questioning.

The error in raising the defense and admitting the evidence of predisposition over the objection of the accused in the circumstances of this case is harmless error, however, beyond any doubt. *Compare* Lopez v. United States, 373 U.S. 427, 434–437, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

Affirmed.