JOHN BENJAMIN ODOM, Appellant, v. SHERIFF,
CLARK COUNTY, NEVADA, Respondent.

No. 6802

June 6, 1972                         497 P.2d 906

*Robert G. Legakes,* Public Defender, and *Jerrold J. Court-
ney,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District
Attorney, and *Charles L. Garner,* Chief Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After a preliminary examination the appellant was bound
over to the district court for trial on a charge of larceny from
the person, a felony under NRS 205.270.[1] He petitioned for a
writ of habeas corpus, contending that there was insufficient
evidence presented at the preliminary examination to hold him

---

[1]NRS 205.270 reads: "Every person who, under circumstances not
amounting to robbery, shall, with intent to steal or appropriate to his
own use, take from the person of another, without his consent, any
money, property or thing of value, shall be punished by imprisonment
in the state prison for not less than one year nor more than ten years,
and may be further punished by a fine of not more than $5,000.00."

for trial. Upon the denial of habeas by the district court this appeal was taken.

The victim of the crime was a plainclothes officer of the Las Vegas police department who was on special assignment on the night in question. He parked a rental car bearing out-of-state license plates in a parking lot, with the motor running and lights off, and feigned drunkenness in the front seat of the car. The area was under police surveillance at the time. The appellant and a companion approached the car and, upon observing the officer lying on his side on the front seat, opened the car doors and got into the vehicle. When the appellant reached into one of the officer's pockets, one not containing any money, the officer moved his position on the front seat of the car so as to expose another pocket containing dollar bills in a money clip. The appellant reached into that pocket, removed the money and the clip, returned the clip, and fled with the money. He was apprehended in the area with the dollar bills.

It is the appellant's contention on appeal that the testimony of the police officer failed to show one of the elements of the crime charged, namely, the lack of consent of the victim. In fact, it is argued that the officer consented to the taking of the money by changing his position on the front seat to expose the pocket containing the money, thereby assisting in the taking. We find that contention untenable, and reject it.

While the appellant was caught in a situation amounting to a police set-up the record cannot be read to show either a consent to or assistance in the taking of money from the officer's pocket by the appellant. The officer's cooperation may have made the appellant's removal of the money from the pocket less difficult, but there is nothing in the record to demonstrate that the appellant understood that such cooperation by the officer amounted to a consent to the taking of the money. Neither did it amount to an act of assistance. It simply made the appellant's purpose, already formulated, easier to achieve. The criminal intent originated with the appellant, according to the record, and the act of the officer in changing his position on the seat merely improved the opportunity afforded the appellant to consummate the crime. [Cf. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961).]

Affirmed.