### UNITED STATES of America, Plaintiff-Appellee,

v.

### George SHAMEIA, Defendant-Appellant.

### No. 72–1086.

United States Court of Appeals, Sixth Circuit.

July 31, 1972.

John W. Collis, Angelis & Vimont, Lexington, Ky., for defendant-appellant.

Moss Noble, Asst. U. S. Atty., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

KENT, Circuit Judge.

George Shameia, herein referred to as the defendant, appeals from his convictions based on a multicount information for violation of various provisions of the Food Stamp Act, 7 U.S.C. § 2011 et seq., relating to acceptance of food stamps for nonfood items and exchanging food stamps for cash. The defendant was the owner and operator of a grocery store. The evidence by the United States was that Government agents went to the defendant's store on more than one occasion and received nonfood items or cash in exchange for food stamps in violation of the Act.

On the trial the defendant took the stand and specifically and repeatedly denied any transactions with the Government agents and denied that he had ever participated in transactions of the na-

ture to which the Government agents testified. At the close of the evidence the defendant submitted to the court proposed instructions on entrapment. The trial court refused to instruct the jury on the issue of entrapment.

The United States now claims that the issue of entrapment may not be submitted to the jury unless the defendant requesting such instructions has affirmatively admitted the facts relating to the offense in question. This issue has never been squarely presented in this Circuit, nor has it been decided by the Supreme Court of the United States. Those Courts of Appeals which have considered the issue are split. It would appear that the Courts of Appeals for the First, Fifth, Seventh and Ninth Circuits do not allow the jury to consider the defense of entrapment where an accused denies the commission of the act constituting the crime charged.[1] The Court of Appeals for the Eighth Circuit has specifically refused to rule on the issue up to this time. Kibby v. United States, 372 F.2d 598 (8th Cir. 1967) cert. den. 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993. The situation in the Tenth Circuit is unclear. Martinez v. United States, 373 F.2d 810 (10th Cir. 1967); United States v. Gibson, 446 F.2d 719 (10th Cir. 1971). But see: McCarthy v. United States, 399 F.2d 708 (10th Cir. 1968), and Wolford v. United States, 401 F.2d 331 (10th Cir. 1968). The Court of Appeals for the District of Columbia permits the defendants to raise the defense of entrapment despite the fact that they may claim their innocence of the act constituting crime. Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962) (en banc); United States v. Neuman, 141 U.S.App.D.C. 131, 436 F.2d 285 (1970) cert. den. 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971).

This Court has been presented with a situation where a defendant denied knowledge of certain of the facts and still relied upon the defense of entrapment. United States v. Baker, 373 F.2d 28 (6th Cir. 1967). In the *Baker* case the defendant admitted the delivery of the package containing morphine to the Government agent while denying that he knew it was morphine, and at the same time asserting that he was entrapped by the Government agent. This Court reversed the conviction because of the failure of the trial court to instruct on entrapment. We do not see the *Baker* case as being dispositive of the issue presented here.

The source of the right to the defense of entrapment in prosecutions in courts of the United States is Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. In *Sorrells*, however, the defendant admitted all of the facts relating to the offense charged but claimed that the Government's evidence, as well as the evidence for the defense, established that he had been entrapped into the commission of the offense charged. Mr. Chief Justice Hughes in discussing

---

1. Sylvia v. United States, 312 F.2d 145, 147 (1st Cir. 1963) cert. den. 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032 (1963); United States v. Rodrigues, 433 F.2d 760, 761 (1st Cir. 1970) cert. den. 401 U.S. 943, 91 S.Ct. 950, 28 L.Ed.2d 224 (1971); Hamilton v. United States, 221 F.2d 611, 614 (5th Cir. 1955); Rodriguez v. United States, 227 F.2d 912, 914 (5th Cir. 1955); Sears v. United States, 343 F.2d 139 (5th Cir. 1965); But see: McCarty v. United States, 379 F.2d 285 (5th Cir. 1967) cert. den. 389 U.S. 929, 88 S.Ct. 291, 19 L.Ed.2d 281 (1967); United States v. Pickle, 424 F.2d 528 (5th Cir. 1970); United States v. Kaiser, 138 F.2d 219, 220 (7th Cir. 1943) cert. den. 320 U.S. 801, 64 S.Ct. 431, 88 L.Ed. 483 (1944); United States v. Georgiou, 333 F.2d 440 (7th Cir. 1964) cert. den. 379 U.S. 901, 85 S.Ct. 191, 13 L.Ed. 2d 176 (1964); United States v. Johnston, 426 F.2d 112, 114 (7th Cir. 1970); Eastman v. United States, 212 F.2d 320, 322 (9th Cir. 1954); Ortega v. United States, 348 F.2d 874 (9th Cir. 1965); Corcoran v. United States, 427 F.2d 16, 17 (9th Cir. 1970); United States v. Rodriquez, 446 F.2d 859 (9th Cir. 1971) cert. den. 404 U.S. 1021, 92 S.Ct. 694, 30 L.Ed.2d 670. But see also: Sendejas v. United States, 428 F.2d 1040 (9th Cir. 1970), cert. den. 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116.

the defense of entrapment in *Sorrells* said at 287 U.S. 451, 452, 53 S.Ct. 216:

For the defense of entrapment is not simply that the particular act was committed at the instance of government officials. That is often the case where the proper action of these officials leads to the revelation of criminal enterprises. Grimm v. United States, supra (156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550). The predisposition and criminal design of the defendant are relevant. But the issues raised and the evidence adduced must be pertinent to the controlling question whether the defendant is a person otherwise innocent whom the Government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials. If that is the fact, common justice requires that the accused be permitted to prove it. The government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense.

\* \* \* \* \* \*

The defense is available, not in the view that the accused though guilty may go free, but that the government cannot be permitted to contend that he is guilty of a crime where the government officials are the instigators of his conduct.

We deem it unnecessary in this case to take an absolute position that there are no circumstances where the defense of entrapment will be unavailable because of the failure of the defendant to take the witness stand and admit the facts constituting the offense in question. It may well be that as suggested in Sendejas v. United States, 428 F.2d

1040 (9th Cir. 1970), cert. den. 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116 (1970), the Government's proofs will establish entrapment as a matter of law. Under such circumstances the defense of entrapment would be available to the defendant. It could be said that by asserting such defense the defendant admits the facts without taking the witness stand.

In *Sorrells* the facts presented by the evidence for the United States and for the defendant clearly would have been sufficient to establish a defense of entrapment. The same was true in Sherman v. United States, 356 U.S. 369, where the Court, speaking through Mr. Chief Justice Warren, said at page 373, 78 S.Ct. 819, at page 821, 2 L.Ed.2d 848:

We conclude from the evidence that entrapment was established as a matter of law. In so holding, we are not choosing between conflicting witnesses, nor judging credibility. Aside from recalling Kalchinian, who was the Government's witness, the defense called no witnesses. We reach our conclusion from the undisputed testimony of the prosecution's witnesses.

And there may be cases such as our own, United States v. Baker, 373 F.2d 28, where there is an apparent inconsistency in the denial of knowledge and the claim of entrapment. Such is not the case here. The defendant here took the witness stand and absolutely denied that he did any of the acts necessary to constitute the crimes charged. In the course of his testimony he did state that he *would have been* unwilling to commit any of these crimes while denying that he did any of the acts. We, therefore, hold that the defendant may not absolutely deny every act necessary to constitute the offense and then claim entrapment on the part of the Government agents.

In reaching this conclusion we join the majority of the other Circuits. United States v. Rodrigues, 433 F.2d

760, 761 (1st Cir. 1970), cert. den. 401 U.S. 943, 91 S.Ct. 950, 28 L.Ed.2d 224 (1971):

> "The appellant cannot maintain that on this particular occasion he did not sell anything but that, in any case, he was entrapped into it."

United States v. Pickle, 424 F.2d 528 (5th Cir. 1970):

> "The rule in this Circuit is that a denial of the commission of the acts charged is inconsistent with a defense of entrapment."

United States v. Carter, 326 F.2d 351, 353 (7th Cir. 1963):

> "Moreover, defendant's trial testimony in which he denied the marihuana transaction is inconsistent with a claim of entrapment on that occasion."

United States v. Gary, 447 F.2d 907, 909 (9th Cir. 1971):

> "The rule in this Circuit is that a defendant must admit commission of the acts charged before raising the defense of entrapment."

Ware v. United States, 259 F.2d 442, 445 (8th Cir. 1958):

> " * * * * the appellant himself took the stand in his own behalf and denied making the sales in question. He is in no position now to claim that he was entrapped into making the sales which he denies making."

After a close examination of the record in this case we are satisfied that the evidence for the Government established only that the Government, through its agents, afforded to the defendant an opportunity to violate the law. There was a complete lack of any evidence to show any persuasion by Government agents to induce the defendant to commit the offenses of which the jury found him guilty.

The judgment of the District Court is affirmed.