580 P.2d 968

**Mike MARTINEZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11769.**

Supreme Court of New Mexico.

June 29, 1978.

Rehearing Denied July 13, 1978.

Pickard & Singleton, Sarah Michael Singleton, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Anthony Tupler, Asst. Dist. Atty., Santa Fe, for respondent.

## OPINION

SOSA, Justice.

Defendant was convicted of trafficking in heroin. He argues that the trial court erred in refusing to instruct the jury on entrapment. The conviction was affirmed by the Court of Appeals. We reverse.

Defendant testified that an undercover agent had approached him on a couple of occasions, and asked to buy heroin from the defendant. These requests were refused. On a subsequent occasion the agent again approached the defendant, but this time for the purpose of procuring marijuana. Defendant agreed to obtain marijuana for the agent, so they drove to the house of a narcotics dealer, Barela. The agent gave defendant money with which to purchase the marijuana, but Barela refused to sell. Empty-handed, the defendant returned to the car where the agent sat waiting. Upon his return to the car, defendant noticed the agent shaking violently as though he were very sick—feigning withdrawal symptoms. The agent again pressed defendant for some heroin repeating that he needed it badly and defendant relented. Defendant went back inside Barela's house and he related to Barela that the agent was very sick and was in need of heroin. Defendant testified that Barela had heroin but that Barela told defendant he wanted to "rip off" the agent by "taking him for his money." Defendant stated that Barela placed a substance in a piece of foil and defendant then gave it to the agent. Defendant speculated as to what the substance was—a downer, brown sugar—but in any event he denied that it was heroin.

Based on this testimony the trial court refused to instruct on entrapment, since it was the opinion of the trial court that such an instruction could only be given if the defendant admitted all the elements of the crime. Since the defendant denied one element of the crime, namely, knowing that what was transferred was heroin, no entrapment instruction was given.

The issue presented on appeal is whether it was error for the trial court to refuse to instruct the jury on the issue of entrapment.

There is unanimity neither in the results nor the approaches taken by courts which have considered this issue. Many courts require that the accused must admit the commission of the offense before he can avail himself of the entrapment defense. Note, *Entrapment*, 73 Harv.L.Rev. 1333, 1343 (1960); 21 Am.Jur.2d *Criminal Law* § 144 (1965). *See e. g.*, Annot., 61 A.L.R.2d

677 (1958). Strict application of the rule requiring the accused to admit to all elements of the offense appears to be required in the Tenth Circuit, upon whose authority the trial court relied. *See United States v. Gibson,* 446 F.2d 719 (10th Cir. 1971); *Munroe v. United States,* 424 F.2d 243 (10th Cir. 1970).

Conversely, some courts have determined that inconsistent defenses are always permissible even in the entrapment situation. *United States v. Demma,* 523 F.2d 981 (9th Cir. 1975), *overruling Eastman v. United States,* 212 F.2d 320 (9th Cir. 1954); *Crisp v. United States,* 262 F.2d 68 (4th Cir. 1958); *People v. Perez,* 62 Cal.2d 769, 44 Cal.Rptr. 326, 401 P.2d 934 (1965); *People v. West,* 139 Cal.App.2d Supp. 923, 293 P.2d 166 (1956). In underscoring the reasoning behind this approach the *Demma* court stated:

It is well established that a defendant in a criminal prosecution may assert inconsistent defenses. The rule in favor of inconsistent defenses reflects the belief of modern criminal jurisprudence that a criminal defendant should be accorded every reasonable protection in defending himself against governmental prosecution. That established policy bespeaks a healthy regard for circumscribing the Government's opportunities for invoking the criminal sanction.

The Eastman inconsistency theory is an exception to the rule in favor of inconsistent defenses. But it is an exception without any justification. There is no conceivable reason for permitting a defendant to assert inconsistent defenses in other contexts but denying him that right in the context of entrapment. Indeed, there is a compelling reason for not making an exception of the entrapment defense. The primary function of entrapment is to safeguard the integrity of the law enforcement and prosecution process. In light of this important public function, we conclude that the rule in favor of inconsistent defenses must extend to the defense of entrapment.

523 F.2d at 985 (footnote omitted).

There is also a middle ground which courts in New Mexico have taken. *State v. Garcia,* 79 N.M. 367, 443 P.2d 860 (1968) and *State v. Wright,* 84 N.M. 3, 498 P.2d 695 (Ct.App.1972). Those cases require the defendant to admit *some* elements of the offense before the defense of entrapment may be asserted. *See also United States v. Shameia,* 464 F.2d 629 (6th Cir. 1972), *cert. denied,* 409 U.S. 1076, 93 S.Ct. 684, 34 L.Ed.2d 664.

Another variation of this approach is that not only must the defendant admit some of the elements of the offense but also the assertion of entrapment must not be repugnant to other defenses asserted. *United States v. Neuman,* 141 U.S.App.D.C. 131, 436 F.2d 285 (1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323; *Hansford v. United States,* 112 U.S.App.D.C. 359, 303 F.2d 219 (1962); *State v. Einhorn,* 213 Kan. 271, 515 P.2d 1036 (1973); *State v. Fitzgibbon,* 211 Kan. 553, 507 P.2d 313 (1973); *People v. Jones,* 73 Ill.App.2d 55, 219 N.E.2d 12 (1966); and *State v. Taylor,* 375 S.W.2d 58 (Mo.1964). For instance, a defendant claiming entrapment may not also assert an alibi defense, claiming that he could not have been in the vicinity of the place of the alleged violation since these two defenses are inconsistent. *Garcia, supra.*

Defendant in the instant case is charged with violating § 54–11–20(B), N.M. S.A.1953 (Supp.1975) which specifically states that "it is unlawful for any person to intentionally traffic" a controlled substance. Knowledge is a necessary element of the crime. *State v. Bender,* 91 N.M. 670, 579 P.2d 796 (1978); N.M.U.J.I.Crim. 36.10. In order to find defendant guilty of transferring a controlled substance, the State must prove beyond a reasonable doubt: (1) the defendant transferred a controlled substance; (2) defendant knew or believed it was a controlled substance; and (3) that it occurred in New Mexico on a particular date.

Defendant admits that the encounter at issue occurred on the date the crime allegedly occurred and that he did transfer something, but he denies that he knew or

believed that what he transferred was heroin. Therefore, he has admitted two of the elements. We consider this to be within *Garcia*.

■ Defendant also contends that even if the State were to prove beyond reasonable doubt each of the elements of the offense, an instruction on entrapment should have been given, since defendant admitted some of the elements of the offense and, furthermore, since the entrapment defense is not repugnant to his other defense (i. e. his denial of knowledge or belief that substance transferred was heroin). This point is well taken.

■ We therefore hold that where the defendant has admitted some elements of an offense, although not all, and where the denial of the other elements is factually not repugnant to the defense of entrapment, the trial court must issue an instruction on entrapment. Whether or not the defenses are believable is for the trier of fact to determine, inasmuch as alternative defenses are allowed. *Garcia, supra*.

Moreover, the federal Constitution requires proof beyond a reasonable doubt on each element of the crime. *Vachon v. New Hampshire*, 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). While entrapment is not a defense of constitutional dimension, *State v. Fiechter*, 89 N.M. 74, 547 P.2d 557 (1976), requiring the defendant to forego proof beyond reasonable doubt to assert entrapment relieves the State of its constitutional burden and is tantamount to requiring him to plead guilty. Where the defenses are not mutually repugnant, this is asking too much.

We therefore reverse the Court of Appeals and remand this case to the trial court for a new trial with proper instructions.

McMANUS, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.