801 P.2d 672

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Victor M. ONTIVEROS,
Defendant–Appellant.**

No. 11324.

Court of Appeals of New Mexico.

Oct. 16, 1990.

Certiorari Denied Nov. 26, 1990.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals his conviction by jury of conspiracy and the unlawful taking of a motor vehicle. Two issues are before us on appeal: whether defendant took the motor vehicle with the consent of the owner; and whether the trial court erred in refusing defendant's tendered instructions on entrapment. We affirm.

### Facts

In May 1988, defendant approached Tony Orona, a mechanic at Haas Motor Co. in Alamogordo, and offered him money to make available a set of keys to one of the vehicles on the car lot. After conferring with the police, William Haas, the owner of the car dealership, agreed to provide keys to a new G.M.C. Suburban for Orona to give to defendant. Haas understood that the vehicle would probably be taken by a car thief.

The police marked a set of keys and gave them to Orona. Orona testified that he gave the keys to defendant and told him that the Suburban would be parked at the Alamogordo airport by Haas, who would be flying to El Paso. The police set up surveillance around the airport parking lot.

Defendant drove up to the Suburban at the airport and let a passenger out of his car who then drove away in the Suburban. Defendant followed in his own vehicle. The driver of the Suburban fled and was never found. The marked keys were found inside the vehicle. Defendant was arrested as he left the airport.

Defendant testified that his passenger was a stranger who passed by his house and asked for a ride to the airport to pick up a car. Defendant denied receiving any keys from Orona or participating in the theft of the vehicle. A witness testified that previously, in April or May of 1988, defendant had asked him for the keys to the witness's employer's truck in exchange for money.

### Consent to the Taking

Defendant claims that the state failed to meet its burden of showing that he took the motor vehicle without the owner's consent. NMSA 1978, § 66–3–504 (Repl.Pamp.1989). The crime of larceny, see NMSA 1978, § 30–16–1 (Cum.Supp. 1990), while differing from motor vehicle theft in that it requires that defendant intend to permanently deprive the owner of his property, State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969); compare SCRA 1986, 14–1601 (uniform jury instruction as to essential elements of larceny) with SCRA 1986, 14–1660 (uniform jury instruction as to essential elements of unlawful taking of vehicle), similarly involves a taking without the consent of the owner. State v. Rhea, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974) (stealing implies taking without consent); see also NMSA 1978, § 30–16–1 (Cum.Supp.1990) (larceny consists of the stealing of anything of value).

An owner's non-consent to larceny may be established by the facts and circumstances in evidence. State v. Parry, 26 N.M. 469, 194 P. 864 (1920). To the extent that defendant is challenging the sufficiency of the evidence to support the jury's determination that he took the vehicle without the owner's consent, we must view the evidence in the light most favorable to the

jury's verdict. *State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984).

 Haas testified that he did not give anyone permission to drive the vehicle, and that his intent was to help the police catch a car thief. Neither Haas nor his agent induced or suggested the crime to defendant. In order for an owner to consent to a theft, more than a passive assent to the taking is required. *See State v. Johnson,* 408 So.2d 1280 (La.1982). The vehicle was not delivered to defendant. *See State v. Perrin,* 316 Mo. 585, 292 S.W. 54 (1927). There was sufficient evidence from which the jury could infer that the owner did not consent to the taking.

Defendant contends that Haas consented to the taking because he parked the vehicle where it might be taken and because his employee gave defendant the keys and told him where the vehicle was located. However, a person does not consent to his property being taken by purposely leaving it exposed, or failing to resist the taking, even though he may know that another intends to come and steal it. *Compare Odom v. Sheriff,* 88 Nev. 315, 497 P.2d 906 (1972) (actions of police officer who while lying in front seat of car feigning drunkenness as part of setup changed his position so as to expose pocket containing money did not amount to consent to taking) *with Quarterman v. State,* 401 So.2d 1159 (Fla. App.1981) (reporter did not consent to taking when he parked old car on highway in order to film car during anticipated theft); *see generally* 50 Am.Jur.2d *Larceny* § 139 (1970); 52A C.J.S. *Larceny* § 24 (1968). Furthermore, pretended cooperation of an agent of an owner in effecting the theft from the owner is not consent. *Jarrott v. State,* 108 Tex.Crim.App. 427, 1 S.W.2d 619 (1927). The fact that the owner furnished the keys of the vehicle to the police with the knowledge that they would be given to a potential thief may have facilitated the taking, but that is insufficient to constitute consent. *See id.* As summarized by Professors LaFave and Scott:

> A problem arises when the owner of property learns in advance that a thief is planning to steal his property and (often with the cooperation of the police) silently lies in wait in order to catch him in the act, perhaps even smoothing the thief's way somewhat, as by leaving the door open or *the key in the lock.* Does the owner's lying in wait state of mind amount to consent so as to preclude a conviction for larceny? It is held not to constitute consent, unless according to some cases, the owner, himself or through directions to his employees, goes so far as actually to hand the property over to the thief. [Emphasis added; footnotes omitted.]

W. LaFave and A. Scott, *Substantive Criminal Law,* § 8.2 at 334 (1986).

This is a close case. An agent of the owner, acting with the owner's consent, delivered the car keys to defendant. Nevertheless, the car itself was not delivered to defendant. *See State v. Perrin; Topolewski v. State,* 130 Wis. 244, 109 N.W. 1037 (1906). Nor did the owner or his authorized agent initiate the offense or create a mock crime. *See State v. Mehozonek,* 8 Ohio App.3d 271, 456 N.E.2d 1353 (1983).

We conclude that there was sufficient evidence from which the jury could infer that the owner did not consent to the taking of the vehicle, and we also find that the facts do not establish, as a matter of law, that Haas consented to the taking of his vehicle by defendant. Since we have found that the evidence supports the verdict with respect to lack of consent, we do not find convincing defendant's contention that there could be no conspiracy because there was consent.

*Entrapment Instructions*

 Defendant argues that the trial court erred in not instructing the jury on either of his tendered instructions on entrapment and by failing to find entrapment as a matter of law. One of defendant's tendered instructions was a uniform jury instruction on entrapment.

> Evidence has been presented that the defendant was induced to commit the crime by law enforcement officers or their agents. For you to find the defen-

dant guilty, the state must prove to your satisfaction beyond a reasonable doubt that the defendant was already willing to commit the crime and that the law enforcement officials or their agents merely gave him the opportunity.

SCRA 1986, 14–5160. The second instruction reads as follows:

Evidence has been presented to you that employees of the Alamogordo D.P.S. induced the defendant to commit crimes. For you to find the defendant guilty of either crimes the State must prove to your satisfaction beyond a reasonable doubt that the police and their agents did not exceed the standard for proper investigation.

The trial court found that defendant was not entitled to an entrapment instruction because he denied involvement in the crime. U.J.I.Crim. 14–5160, Committee Commentary; *State v. Garcia,* 79 N.M. 367, 443 P.2d 860 (1968). Defendant argues that *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), provides that a defendant is entitled to an entrapment instruction even if he denies one or more elements of the crime. *See Martinez v. State,* 91 N.M. 747, 580 P.2d 968 (1978). However, *Mathews* does not dispense with the requirement that there be sufficient evidence from which a reasonable jury could find entrapment. *See Id.* 108 S.Ct. at 887. Since we conclude that there was not sufficient evidence to submit the issue of entrapment to the jury, we do not have to reach the question of whether the defense of entrapment is available to defendant in these circumstances who denies involvement in the crime.

Defendant is entitled to an instruction on his theory of the case only if there is evidence to support it. *State v. Garcia.* Based on our review of the evidence, there is nothing to suggest that defendant was put under extraordinary temptation, *see State v. Akin,* 75 N.M. 308, 404 P.2d 134 (1965), or that the police initiated the taking of the motor vehicle. *See State v. Romero,* 79 N.M. 522, 445 P.2d 587 (Ct. App.1968). The evidence shows only that defendant was given an opportunity to commit a crime which he was already willing to commit. *See State v. Mordecai,* 83 N.M. 208, 490 P.2d 466 (Ct.App.1971). Orona testified that defendant asked him for the keys to the vehicle. Shortly after the keys were provided, defendant was observed acting with another person to take the vehicle. As there was no evidence presented that defendant was induced to take the vehicle or that the police exceeded the standards of proper investigation, the court's refusal to instruct on entrapment was not error.

Finally, defendant argues that *Baca v. State,* 106 N.M. 338, 742 P.2d 1043 (1987), so changed the law on entrapment that the uniform jury instruction was no longer adequate. However, as there is no evidence to support defendant's theory that the police and their agents exceeded the standards of proper investigation, it was not error for the trial court to refuse his second tendered instruction. Accordingly, we decline defendant's request to certify to the supreme court the question of whether U.J.I. Crim. 14–5160 is adequate in light of *Baca.*

*Conclusion*

We affirm.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.