This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40396**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TRAVIS JAMES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina LaLevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing.

Now having considered the brief in chief, answer brief, and reply brief, we affirm, in part, and reverse, in part, for the following reasons.

**{2}** Issue 1: Defendant appeals from a judgment and sentence convicting him of the unlawful taking of a motor vehicle, contrary to NMSA 1978, Section 30-16D-1 (2009). [RP 140-43] Defendant contends that the evidence was insufficient to support the conviction. [BIC 5-8] Specifically, Defendant argues that the State failed to prove that he took the victim's vehicle without consent and suggests that if someone "had the keys to a good friend's car, it would not be a problem for them to drive it." [BIC 7]

**{3}** "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (text only). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (text only). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (text only)).

**{4}** By statute, the "[u]nlawful taking of a vehicle or motor vehicle consists of a person taking any vehicle or motor vehicle as defined by the Motor Vehicle Code intentionally and without consent of the owner." Section 30-16D-1(A). An owner's nonconsent "may be established by the facts and circumstances in evidence." *State v. Ontiveros*, 1990-NMCA-112, ¶ 7, 111 N.M. 90, 801 P.2d 672. "In order for an owner to consent to a theft, more than a passive assent to the taking is required." *Id.* ¶ 8. "[A] person does not consent to his property being taken by purposely leaving it exposed, or failing to resist the taking, even though he may know that another intends to come and steal it." *Id.* ¶ 9.

**{5}** In *Ontiveros*, the defendant argued there was insufficient evidence that he did not have consent to take a vehicle from a mechanic yard after one of the mechanics gave him a set of keys and directed him to where the vehicle was located. *Id.* ¶¶ 2-3, 6. The owner of the mechanic shop testified that he did not give the defendant permission to drive the vehicle. *Id.* ¶ 8. This Court explained that "[t]he fact that the owner furnished the keys of the vehicle to the police with the knowledge that they would be given to a potential thief may have facilitated the taking, [it was nevertheless] insufficient to constitute consent." *Id.* ¶¶ 9-10. Despite the fact that the keys were delivered to the defendant, "the car itself was not delivered to [the] defendant." *Id.* ¶ 10. As such, this Court held that although it was "a close case," there was sufficient evidence that the owner did not consent to the taking of the vehicle. *Id.* ¶¶ 10-11.

**{6}** In the present case, according to Defendant's brief in chief, Defendant accompanied his friend, who needed a COVID-19 test, to the hospital. Defendant was not allowed into the hospital, so his friend "gave [Defendant] the keys and asked him to wait in the Jeep for him." [BIC 1] When his friend came out of the hospital approximately one hour later, Defendant had taken the vehicle; he was seen driving it by two other witnesses. [BIC 2] Defendant's friend, when asked if he had given Defendant permission to drive the vehicle, testified "No, no I didn't." [AB 2; BIC 3] His friend further explained that the Jeep was a "loaner car" he was using while his car was being repaired, and that he was the only person insured to drive it. [AB 2] He testified that although he did not explicitly tell Defendant not to drive the car and handed Defendant the keys to the vehicle, "he asked Defendant to wait in the vehicle for him." [AB 2]

**{7}** Similar to *Ontiveros*, Defendant's friend gave him the keys to the Jeep, but his friend did not consent to him driving off with the vehicle. Rather, his friend instructed that Defendant wait in the car. As such, although the keys were delivered to Defendant, "the car itself was not delivered." *Id.* ¶ 10. Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury's verdict beyond a reasonable doubt that Defendant unlawfully took the Jeep without the owner's consent. [1 RP 174] *See id.* ¶ 11; *see also* § 30-16D-1(A); UJI 14-1660 NMRA (providing the elements for the unlawful taking of a motor vehicle).

**{8}** Defendant argues that "if [he] really intended to take the car, he would not have shown up back at home about 45 minutes later." [BIC 7] In response, the State points to *State v. Sanchez*, 1982-NMCA-105, 98 N.M. 428, 649 P.2d 496, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783, for the proposition that the length of time Defendant had the car does not change the fact that it was taken unlawfully. As *Sanchez* states, "[p]ossession of recently stolen property constitutes circumstantial evidence connecting [the] defendant with the taking of the vehicle." 1982-NMCA-105, ¶ 8. In the present case, Defendant waited about forty-five minutes before leaving the hospital in his friend's car and was seen driving the car shortly after by two separate witnesses. [BIC 2, 7] Regardless of how long Defendant was in possession of the vehicle, it does not undermine the fact that he took the vehicle without permission. *See id.*

**{9}** Finally, to the extent that Defendant argues that "[h]is friend handing him the keys could have easily been understood as permission to drive the car[,]" we disagree. [BIC 7] Defendant has provided no authority to demonstrate that a friendship equates to automatic consent to take a vehicle. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Accordingly, we conclude that the State presented sufficient evidence that Defendant unlawfully took the motor vehicle without consent, and affirm his conviction.

**{10}** Issue 2: Defendant also appeals from his conviction for driving while under the influence of intoxicating liquor, contrary to NMSA 1978, Section 66-8-102 (2016).

Specifically, he argues that his right to be free from double jeopardy was violated when the jury found him guilty under two different theories of driving while intoxicated, and the court entered two convictions. [BIC 8] Although the judgment and sentence notes that the "[s]entence on the alternate count is not imposed at this time" [RP 202], Defendant argues that it was error for the district court to enter both convictions [BIC 8]. The State concedes this issue and notes that "[w]hile it is permissible for the jury to convict a defendant of two alternative charges to one count, the general rule in New Mexico is that it is proper for the district court to ultimately vacate one of the convictions." [AB 9] While we are not bound to accept the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree that the conviction for driving while intoxicated by impairment as charged in alternate Count 1 [RP 173, 192], should be vacated. *See State v. Galindo*, 2018-NMSC-021, ¶ 28, 415 P.3d 494 (holding that "the district court erred by entering judgment and sentence on each of [the d]efendant's four alternative convictions of child abuse"); *id.* ("When a jury returns multiple guilty verdicts based on alternative theories of the same offense, the district court must vacate the duplicative convictions to avoid violating the constitutional proscription against double jeopardy."); *State v. Mercer*, 2005-NMCA-023, ¶ 29, 137 N.M. 36, 106 P.3d 1283 (concluding that where the defendant was charged with four counts of fraud, and in the alternative, four counts of embezzlement, and where she was convicted on two counts of both the fraud and embezzlement alternatives "[the d]efendant's convictions for both alternatives violate[d] her right to be free from double jeopardy"); *State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426 (stating that "where one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence").

{11}   For the foregoing reasons, we affirm Defendant's conviction for the unlawful taking of a motor vehicle, and reverse his conviction for aggravated driving while intoxicated by impairment as charged in alternate Count 1.

{12}   IT IS SO ORDERED.

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**