**James CAPPS, Petitioner–Appellee,**

v.

**George SULLIVAN,
Respondent–Appellant.**

**No. 89–2220.**

United States Court of Appeals,
Tenth Circuit.

Dec. 10, 1990.

---

Patricia A. Gandert, Asst. Atty. Gen. (Hal Stratton, Atty. Gen., with her on the brief), Santa Fe, N.M., for respondent-appellant.

Tova Indritz, Federal Public Defender, Albuquerque, N.M., for petitioner-appellee.

Before LOGAN, ANDERSON, and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

James Capps, a state prisoner, brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state remedies. He claims his constitutional rights were violated during a state court trial in which he was convicted of trafficking in heroin, in violation of N.M.Stat.Ann. § 30–31–20. His contention is that his counsel was constitutionally inadequate in his representation. Capps took the stand at trial and admitted all of the elements of the crime; and there was evidence to support an entrapment defense. But Capps' lawyer opted to pursue a jury nullification strategy and would not submit an entrapment instruction.

The inadequacy of counsel issue was raised in state collateral proceedings. That court's denial of relief, without any evidentiary hearing, was affirmed on appeal. In the federal habeas action, the district court directed the magistrate to hold an evidentiary hearing to determine whether Capps established cause and prejudice from the alleged inadequacy of his lawyer. After that hearing the magistrate recommended granting the petition. Reviewing de novo, the district court accepted that recommendation and ordered Capps released unless the state retried him within ninety days. The respondent state warden has filed this appeal.

■ We reject the state's argument that the federal district court failed to accord the proper presumption of correctness to the state court's findings. We construe the district court's determinations to be based upon the inadequacy of the state court procedures because the state court held no evidentiary hearing and refused to permit evidence submitted by Capps. *See* 28 U.S.C. § 2254(d)(2), (3) and (6).

■ The respondent warden also contends that *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), does not permit the entrapment instruction. It is true that the magistrate cited *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), in support of his determination that Capps was entitled to the entrapment instruction. Assuming that *Mathews* established a new rule for which relief is unavailable under *Teague,* the case is not applicable here. *Mathews* held for the first time at the Supreme Court level that a defendant could deny an element of the crime and still have an entrapment instruction. But in the instant case Capps took the stand in his own behalf and admitted all of the elements of the crime. He clearly would have been entitled to the instruction under preexisting law in New Mexico. *See Martinez v. State,* 91 N.M. 747, 750, 580 P.2d 968, 971 (1978). Additionally, the focus of the habeas petition is not on whether Capps would have been permitted to deny an element of the crime and still be entitled to an entrapment defense; it is upon the competency of Capps' counsel and that counsel's conduct of the defense.

■ In his attack on his conviction Capps must meet the cause and prejudice requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In considering the "cause" requirement, the magistrate focused on whether a decision of Capps' counsel to, in effect, request the jury to ignore the law out of sympathy for his client rather than to seek an entrapment instruction was reasonable conduct by an attorney. We have little difficulty upholding the district court's findings on this issue. A reasonable trial strategy might have been to keep the defendant off the witness stand and attack the sufficiency of the state's case. Alternatively, a reasonable strategy might have been to have the defendant take the stand, as Capps did here, and seek an entrapment instruction. But when a defendant takes the stand in his own behalf and admits all of the elements of the crime, exactly in accord with the court's instructions to the jury, it is surely inadequate legal representation to hope that the jury will ignore the court's instructions and acquit from sympathy, rather than to raise an entrapment defense that has some support in the evidence.

Further, it seems apparent that defense counsel inadequately prepared his case by not interviewing or subpoenaing the witnesses who would substantially corroborate Capps' testimony relevant to the entrapment issue. A fear of counterattack by the state based upon an outstanding criminal charge on which there has been no conviction and prior convictions for non-drug related crimes does not make counsel's strategy sufficiently defensible to constitute adequate representation.

Turning to the "prejudice" prong, the test is whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. "On the other hand, ... a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S.Ct. at 2068.

■ We agree with respondent that the district court erred in considering evidence from two jurors who indicated that they would have voted differently had they been given an entrapment instruction. We hold that such evidence is not permitted in a federal habeas proceeding. Fed.R.Evid. 606(b) prohibits juror testimony "to the effect of anything upon that ... juror's mind or emotions as influencing the juror to assent to or dissent from the verdict ... or

concerning the juror's mental processes in connection therewith," *id.*, with certain exceptions not here applicable. We have strictly construed Rule 606(b) to prohibit a juror from testifying to the effect of anything upon that juror's mind not within the specified exceptions to the rule. *United States v. Voigt*, 877 F.2d 1465, 1468–69 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989) (juror may not testify that she would have voted differently if defendant had taken the stand); *United States v. Miller*, 806 F.2d 223, 225 (10th Cir.1986) (post-trial statement by juror that she was unsure of defendant's guilt not admissible). Although Capps attempts to distinguish the instant situation by asserting that the testimony does not attack the verdict or the jurors' deliberations or mental processes, we think the situation is indistinguishable from *Voigt.* By playing a "what if" game with jurors who voted to find him guilty, Capps actually is probing their mental processes in their deliberations and using the results in an attempt to secure a new trial. This he cannot do under Rule 606(b). Thus, we hold that the magistrate and district court erred in admitting such testimony.

 That does not resolve the prejudice issue, however. If the court may not consider the jurors' views, it must rely upon its own analysis. Thus, it must review counsel's performance and the trial record, consider the new evidence and alternative strategy which an allegedly competent attorney would have presented, and make a judgment whether, had the new material and strategy been used it remains confident that the jury verdict would have been the same.

In the instant case, at the magistrate's hearing Capps presented testimony of the attorney who tried the case, of police informant Pancho Marquez, who induced Capps to participate in the heroin transaction, and of himself. There was also an affidavit of Robert Burnea, a neighbor, corroborating Capps' testimony. This evidence all related to inducement by the government and lack of predisposition by Capps. Although we are handicapped on review because the

transcript of the hearing is not part of the appellate record, the state officer is the appellant, and we presume that he would have taken issue with Capps' brief's statement of that evidence had the recital been inaccurate. After the hearing the magistrate recommended, and the district court agreed, that the prejudice prong of *Strickland* was satisfied and that a new trial should be required. Considering the same evidence on de novo review, without reference to the improper juror testimony, we agree. *See United States v. Miller*, 907 F.2d 994, 996–97 (10th Cir.1990) (on an ineffective assistance of counsel claim, under *Strickland,* we apply a plenary standard of review except for historical facts). When coupled with an entrapment instruction, we are satisfied this evidence indicates that there is a reasonable probability that, but for defense counsel's failures, the result of the trial would have been different.

AFFIRMED.