989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Patrick ROSS, Defendant-Appellant.
 No. 92-3425.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant appeals on the grounds that he was denied effective assistance of counsel and that the district court erred in imposing the five-year consecutive sentence pursuant to 18 U.S.C. § 924(c) for his use and possession of firearms. We affirm.
 
 
 3
 Defendant was convicted, after a trial by jury, of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm in relation to a drug traffic crime in violation of 18 U.S.C. § 924(c). Ross appealed his conviction on several grounds and this court affirmed convictions on both counts in United States v. Ross, 920 F.2d 1530 (10th Cir.1990).
 
 
 4
 Defendant now appeals claiming first that he was denied effective assistance of counsel when his defense counsel stated in his opening statement that there was uncontroverted evidence that defendant was, in fact, trafficking in cocaine and that the issue in controversy would be the use and carrying of various firearms. Defendant has failed to prove ineffective assistance by showing that his counsel's performance was deficient and prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The government's evidence in this case was overwhelming that defendant was involved in cocaine trafficking. See Ross, 920 F.2d at 1536. Evaluating counsel's conduct "in view of the strength of the government's case," United States v. Miller, 907 F.2d 994, 997 (10th Cir.1990), we find that his focus on the firearms violations rather than the underlying trafficking offense was a reasonable approach to this defense and constitutionally adequate. Defendant has also failed to prove prejudice by showing that the result of the trial would have been different if the comment by the defense counsel had not been made.
 
 
 5
 Defendant next attacks his sentence under 18 U.S.C. § 924(c) by arguing that the court erred in allowing his firearm possession to be treated as a separate offense rather than increasing his base offense level by two points under United States Sentencing Guidelines § 2D1.1(b)(1). In effect, he attempts to raise again the question of sufficiency of the evidence on the firearms count which we affirmed in his direct appeal. Thus, defendant's attempt to argue that an enhancement under § 2D1.1 would have been more appropriate is without merit. AFFIRMED. The mandate shall issue forthwith.
 
 
 6
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.