991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Harold ERIKSON, Petitioner-Appellant,
v.
James R. ROWLAND et al., Respondent-Appellees.
 No. 92-55371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided April 26, 1993.
 
 1
 Before HUG and O'SCANNLAIN, Circuit Judges, and SEDWICK,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 A state court jury convicted appellant of committing first degree murder with aggravating special circumstances. After exhausting state remedies, appellant petitioned the district court for a writ of habeas corpus arguing that he should be given a new trial to correct alleged acts of juror misconduct. A magistrate judge recommended that the petition be denied, and the district court adopted the recommendation. Appellant appealed the decision to this court and simultaneously filed a request for a certificate of probable cause. We certified probable cause on April 22, 1992. We have jurisdiction pursuant to 28 U.S.C. § 2253.
 
 
 4
 On appeal, appellant argues that his constitutional right to a fair trial was violated in that: (1) the jury was subjected to extraneous influence; (2) the jury failed to follow its instructions; (3) several jurors were biased against him; (4) the trial court abused its discretion by denying repeated motions for a mistrial and refusing to hold an evidentiary hearing on juror misconduct; and (5) the district court failed to conduct an evidentiary hearing on this petition. Appellant also argues that appellees are procedurally barred from contesting his factual allegations because they did not do so below. Appellee responds that jurors' declarations supporting appellant's claims are barred by Federal Rule of Evidence 606(b) ("Rule 606(b)") and that appellant has not sustained his burden of proof in seeking a new trial.
 
 STATEMENT OF FACTS
 
 5
 The parties do not dispute the facts. A jury convicted appellant of committing first degree murder with special circumstances, namely: committing murder during a rape; killing a witness to prevent testimony; and committing murder during a kidnapping. Appellant, while on parole, spent an evening with the victim. At some point in the evening, appellant attempted to have sexual intercourse with the victim, who was intoxicated, but she refused. After a struggle, during which the victim cut her head, she agreed to have sex with appellant. Apparently nervous that the victim would report the incident as rape, thereby jeopardizing his parole, appellant drove her to an isolated area and shot her.
 
 
 6
 The trial was bifurcated into a guilt phase and penalty phase, pursuant to California Penal Code § 190.1. After the close of the penalty phase presentation, Ms. Wix ("Wix"), a juror, attempted to telephone defense counsel. Upon inquiry from the court, Wix stated that during previous deliberations on guilt, other jurors had said that a person sentenced to life-without-parole could be released from prison in about seven years. The judge instructed the jury that the sentence of life-without-parole "meant just that." The court discussed the matter with counsel but did not hold an evidentiary hearing on juror misconduct. He also denied defense counsel's repeated motions for a mistrial. The jury recommended a sentence of life-without-parole. Wix, having helped to convict appellant of rape, kidnapping and murder, married him.
 
 
 7
 About a year after the trial, appellant obtained declarations from Wix, Ms. Barr ("Barr"), another juror, and Mr. Sanchez, a private investigator, who refers to taped interviews with Mr. Godley ("Godley"), the foreman, and Mr. Garcia, an alternate juror. Appellant bases his claims primarily on these declarations.
 
 ANALYSIS
 
 8
 I. Standard of Review.
 
 
 9
 This court reviews the district court's denial of a writ of habeas corpus de novo. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988); Bayramoglu v. Estelle, 806 F.2d 880, 886 (9th Cir.1986). Having viewed the evidence, however, the trial judge is entitled to deference. Patton v. Yount, 467 U.S. 1025, 1038 (1984); Bayramoglu, 806 F.2d at 887; United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982) ("The [trial] judge's conclusion about the effect of the alleged juror misconduct deserves substantial weight."). When considering allegations that extraneous information influenced the jury, "[r]eviewing courts will not disturb jury verdicts on appeal when extraneous information relates only to issues not material to the guilt or innocence of the defendant. And intrinsic jury processes will not be examined on appeal and cannot support reversal." Bagnariol, 665 F.2d at 887.
 
 
 10
 II. Admissibility of the Jurors' Declarations
 
 
 11
 Jurors' statements have traditionally been inadmissible to impeach the verdict. Tanner v. United States, 483 U.S. 107, 115 (1987). Thus, incidents of juror misconduct or incompetence may go unreviewed and uncorrected. Id. at 118. The policy behind this seemingly harsh rule is that juries and the jury system itself needs to be protected from the inevitable pressure to impeach their verdict. Id. Fear of such treatment would chill free communication in the jury room. Id. at 119. The rule has an exception for statements alleging that a jury has been subject to "extraneous influence." The jury's privacy should be violated only to redress acts which themselves violate that privacy. Id.
 
 
 12
 Incorporating these common law rules, the federal Rules of Evidence limit this court's ability to consider a juror's statement impeaching his or her verdict. Fed.R.Evid. 606(b);[2] Bagnariol, 665 F.2d at 884. "[T]he appellate court ... must consider allegations of juror misconduct using only that evidence properly subject to consideration [under Rule 606(b) ]". Id. This rule applies to petitions for habeas corpus from state court prisoners. See Fed.R.Evid. 1101(e). See also Capps v. Sullivan, 921 F.2d 260, 262 (10th Cir.1990) (Rule 606(b) applies in federal habeas proceeding).
 
 
 13
 The relevant distinction is between acts that are "internal" to the jury and those that are "external." Statements regarding matters internal to the jury process are not admissible under Rule 606(b). See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-1075 (3d Cir.1985) (ability to hear or comprehend is internal); United States v. Pimentel, 654 F.2d 538, 542 (9th Cir.1981) (prejudicial attitudes concerning the legality of wire tapping was internal); United States v. Dioguardi, 492 F.2d 70, 78-80 (2d Cir.), cert. denied, 419 U.S. 873 (1974) (physical competency of a juror has been considered internal). When an incident subjects the jury to external influence, however, statements regarding it are admissible. See Gibson v. Clanon, 633 F.2d 851 (9th Cir.1980), cert. denied, 450 U.S. 1035 (1983) (juror consultation with medical encyclopedia was external); United States v. Greer, 620 F.2d 1383, 1385 (10th Cir.1980) (when marshal provided information regarding potential sentence, court admitted juror testimony and declared mistrial); United States v. Thomas, 463 F.2d 1061 (7th Cir.1972) (newspaper in jury room was external);.
 
 
 14
 Appellant presents the court with declarations by jurors impeaching their verdict. These declarations describe conversations between jurors and alternates, allegedly misinterpreting the significance of a life sentence without parole. They discuss internal tension between jurors and describe perceived flaws in the deliberation process, e.g., considering the charges in the wrong order, preparing verdict forms for a lesser included offense after finding guilt on the greater offense, and discussing potential penalties during the guilt phase. The declarations also describe an incident where one juror related reading an article describing the defense lawyer as a person who only takes cases where guilt is beyond question.
 
 
 15
 The declarations do not allege that the jurors were given information from a person not on the jury.[3] Cf. Greer, 620 F.2d at 1385. Nor do they allege that the jury obtained extraneous information during trial from a printed source not in evidence. Bayramoglu, 806 F.2d at 882-884. The incident where a juror discussed an article about the defense counsel did not involve extraneous material. Appellant did not allege that the juror brought the article into the jury room. Nor does he state that the juror even read the article during the trial. From the described content, it is likely that the juror read the article before she was a member of this jury. This is not the sort of "past experience[ ] ... directly related to the litigation ... the discussion of [which] constitute[s] extraneous information that could be used to impeach a jury's verdict." Hard v. Burlington Northern R. Co., 870 F.2d 1454, 1460 (9th Cir.1989) (juror told other jurors about civil defendant's settlement and compensation practices based on personal knowledge). Voir dire protects appellant from this type of prejudice. See Tanner, 583 U.S. at 126-127.
 
 
 16
 Appellant refers the court to cases where admissibility under Rule 606(b) was not considered by the court because the information was blatantly extraneous. See Hughes v. Borg, 898 F.2d 695 (9th Cir.1990); Bayramoglu v. Estelle, 806 F.2d at 887-88; Marino v. Vasquez, 812 F.2d 499, 505 (9th Cir.1987). These cases are not helpful because they do not address the relevant issue: whether the alleged incidents were external to the jury process.
 
 
 17
 The jurors' declarations are inadmissible under Rule 606(b).
 
 III. Appellant's Constitutional Claims
 
 18
 Having concluded that the proffered declarations are inadmissible, we must now consider appellant's constitutional claims in light of the remaining evidence. Admissible evidence exists to support allegations that Wix telephoned defense counsel but did not reach him; that the jury discussed punishment during the guilt phase; and that the jury (during the guilt phase) may have been mistaken as to the significance of a life-without-parole sentence.
 
 A. Extraneous Information
 
 19
 Appellant argues that the discussion regarding the meaning of "life-without-parole" at the guilt phase of the trial is extraneous information. We conclude above that the jury's consideration of the penalty at the guilt phase is not extraneous influence. Appellant's rights to a jury free from extraneous influence have not been violated.
 
 B. Failure to Follow Jury Instructions
 
 20
 A jury has a duty to follow the instructions provided by the court. See Opper v. United States, 348 U.S. 84, 95 (1954) ("Our theory of trial relies upon the ability of a jury to follow instructions"). A reviewing court is required to assume that the jury followed its instructions unless there is admissible evidence to the contrary. United States v. Brady, 579 F.2d 1121, 1127 (9th Cir.1978), cert. denied, 439 U.S. 1074 (1979). Appellant presents evidence for only one of his many allegations that jurors failed to follow their instructions. There is admissible evidence that the jury may have discussed penalties during the guilt phase of trial. Even if we were to find that the evidence compelled the conclusion that these discussions took place, the trial judge cured any potential prejudice to appellant. The record does not indicate grounds for overturning the verdict. See United States v. Chan Yu-Chong, 920 F.2d 594, 599 (9th Cir.1990).
 
 C. Juror Bias
 
 21
 Appellant has alleged that certain statements made by jurors indicate bias and, as a result, he was denied a fair trial. Specifically, he contends, through juror declarations, that an alternate juror was upset about a neighbor's murder and stated that she could do something about it in this case.
 
 
 22
 We do not consider inadmissible evidence when reviewing habeas corpus petitions. Appellant's sole evidence is from the juror declarations, which are not admissible. Appellant has failed to show juror bias.
 
 D. Trial Court's Discretion
 
 23
 Appellant argues that the trial court abused its discretion when it declined to either hold an evidentiary hearing or declare a mistrial upon learning of Wix's attempted contact with the defense counsel and misunderstanding of the life-without-parole sentence. Appellant has not shown prejudice. The trial court chose to instruct the jury on the correct significance of the sentence, which corrected any potential prejudice from either the misconduct or the attempted external contact. See Tanner, 483 U.S. at 127.
 
 
 24
 E. Failure to Conduct an Evidentiary Hearing
 
 
 25
 Appellant argues that the district court should have conducted an evidentiary hearing on this petition. The district court is not required to hold an evidentiary hearing when considering habeas corpus petitions. The contested issues in this case are not factual. Cf. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 IV Appellant's Procedural Argument
 
 26
 Appellant states that the appellee "failed to address, acknowledge, refute, or otherwise answer (either factually or legally)" the incidents of juror misconduct. He argues that this court should adopt a rule stating that the government will be barred from contesting facts on appeal that it has not contested below.
 
 
 27
 Regardless of the merits of such a rule, appellant is simply wrong. Appellee's response is based in law. It does not argue that the incidents did not take place. Instead, appellee argues that appellant was not prejudiced by these incidents or that the evidence supporting them is not admissible. These arguments were before the district court.
 
 CONCLUSION
 
 28
 Pursuant to Federal Rule of Evidence 606(b), the jurors' declarations are not admissible. The remainder of the evidence does not support a conclusion that appellant's constitutional rights were violated. Appellant has not, therefore, made a showing of sufficient prejudice to overcome the trial court's opinion that the jury was impartial and that the motion for mistrial should be denied.
 
 
 29
 The decision of the district court is affirmed, and this petition is dismissed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th cir. 34-4
 
 
 **
 The Honorable John W. Sedwick, United States District Judge, for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Rule 606(b) states:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.
 
 
 [3]
 Appellant seems to argue that an alternate juror is necessarily a source of extraneous information because he or she is not a part of the jury. This argument is ill taken. Throughout the trial an alternate is a part of the jury and, until dismissed, may be required to participate in deliberation. United States v. Cuthel, 903 F.2d 1381, 1383 (11th Cir.1990) ("it is impossible for the alternate to have been an 'outsider' until the deliberations started; and, after deliberations did start, the alternate was separated from the rest of the jury")