5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. CHANEY, Petitioner-Appellant,
v.
O.M. McCOTTER, Secretariat, State of New Mexico Corrections
Dept.; Stephen Rausch, Officer, State of New Mexico
Corrections Dept.; Hal Stratton, Attorney General of the
State of New Mexico, Respondents-Appellees.
 No. 92-2030.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,** District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner Robert L. Chaney was tried in state court and convicted on a jury verdict of custodial interference, a felony, based on his removing his son to Nigeria in violation of a state court order granting custody of the child to petitioner's former wife, the child's mother. His sentence was deferred and he was placed on probation for eighteen months.[2] Following an unsuccessful state appeal, petitioner sought federal habeas relief pursuant to 28U.S.C. 2254. The federal magistrate judge made findings and recommended the petition be dismissed. The federal district court modified the magistrate judge's findings, dismissed the petition, and ordered that no certificate of probable cause be issued.
 We have construed petitioner's pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam). We have reviewed the records of the federal habeas proceedings and the state court proceedings. Although we have considered the records and the briefs, we decline to address issues not raised on appeal in petitioner's appellate brief and petition for certificate of probable cause. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir.1992)(issues not briefed on appeal will not be considered).
 Petitioner alleges in his brief on appeal (1) the federal district court should have granted him an evidentiary hearing and an opportunity to expand the record; (2) the federal district court committed various unspecified evidentiary errors, and should not have joined petitioner's two habeas petitions; (3) the state trial court officials fraudulently misrepresented the facts, and the federal district court applied an incorrect standard of review to the facts; (4) the federal district court's errors were cumulative; (5) petitioner was denied his constitutional right to the effective assistance of counsel in the federal habeas proceedings; and (6) the federal district court denied petitioner's request to require the state to provide a state court forum, presumably to afford petitioner an opportunity to challenge the state court's contempt order.
 Petitioner lists additional issues in his petition for certificate of probable cause. Of those, he has made allegations to support only his claim that he was denied his constitutional right to the effective assistance of counsel in his state trial; we will consider that claim. The remainder of the issues will not be considered because petitioner has not provided any argument to support them. See id.
 Petitioner first argues the federal district court was required to afford him a hearing on his habeas petition, and to permit him to expand the record. Petitioner received a full and fair state court trial. Therefore, the federal district court was not required to hold an evidentiary hearing. See Townsend v. Sain, 372 U.S. 293, 313 (1963), overruled in part by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992)(listing circumstances under which federal district court must grant an evidentiary hearing); see also Keeney, 112 S.Ct. at 1721 ("A habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing.").
 
 
 1
 Petitioner also contends he was not permitted an opportunity to expand the record. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts permits the district court to expand the record "by the inclusion of additional materials." Rule 7(a). "The purpose is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings...." Rule 7 advisory committee's note. Here, after a de novo review, the federal district court dismissed the habeas petition based on the pleadings, so Rule 7 was not implicated. Accordingly, the federal district court did not abuse its discretion by not expanding the record. See Ford v. Seabold, 841 F.2d 677, 691 (6th Cir.) (expansion of record not mandatory, and is left to district court's discretion), cert. denied, 488 U.S. 928 (1988).
 
 
 2
 Petitioner next complains the federal district court "considered improper evidence, ignored material evidence and otherwise tried the facts in an incomplete and unfair manner." Aplt. Br. at 5. Petitioner incorporates into his appellate argument his objections to the magistrate judge's proposed findings and recommended disposition. We have also reviewed petitioner's motion to alter or amend and to make additional findings. The documents identify only two specific evidentiary errors alleged by petitioner: that the son's passport application and the son's affliction with malaria while with petitioner in Nigeria should have not been revealed to the state trial jury. The district court substituted its own findings for those of the magistrate judge on those two matters. Our review of the record convinces us the district judge did not err, as we discuss below. Petitioner has not specified any other facts that were misconstrued by the district court, except to argue that a hearing should have been granted. That issue is addressed above. Because petitioner's remaining contentions are vague and unsupported by allegations of fact, they do not state a claim of constitutional violation. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)(petitioner, even if pro se, must allege sufficient facts about material events); Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989)(specific allegations required to state a claim of constitutional violation), cert. denied, 493 U.S. 1059 (1990).
 
 
 3
 Petitioner also claims the federal district court erroneously joined his two habeas petitions. The district court file reflects three habeas petitions: (1) petitioner's original pro se typewritten petition, (2) petitioner's subsequent pro se petition on forms provided by the court, and (3) the amended petition filed by counsel for petitioner. Even though petitioner did not specify which two of the three petitions should not have been joined, the subject matter of each petition is petitioner's May 18, 1987, conviction for custodial interference. Consequently, no error occurred.
 
 
 4
 We next address petitioner's claims that the facts were not correctly presented to, or reviewed by, the federal district court. Although petitioner does not inform us of which facts were not fairly treated, we assume he pursues here his claims of error in the introduction into evidence of his son's passport application and the fact that his son contracted malaria while with petitioner in Nigeria. We have reviewed the state trial court transcripts, audiotapes, and pleadings, and have found no additional debatable evidentiary rulings.
 
 
 5
 We review de novo the mixed question of fact and law of whether introduction of the testimony constitutes prejudice of constitutional dimension. Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). "The New Mexico state courts' evidentiary and procedural rulings may not be questioned unless [petitioner] demonstrates that the remark[§ were] so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness essential to the concept of due process." Id. Here, petitioner argues the evidence may have caused the jury to feel less congenial toward him. But neither the passport application nor the reference to the child's malaria addressed any element of the charges against petitioner. See N.M. Stat. Ann. 30-4-4 (Michie Supp.1984)(defining offense of custodial interference). The evidence was not pertinent to a disputed issue in the case. After reviewing the trial record, including the circumstances under which the disputed information was revealed to the jury, we conclude there is no "reasonable likelihood that the ... testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). Petitioner did not suffer prejudice of constitutional dimension. Consequently, he is not entitled to habeas relief.
 
 
 6
 Petitioner's argument that the federal district court's errors were cumulative, thereby prejudicing him, must fail. We determine the district court committed no error. Therefore, there was no cumulative error.
 
 
 7
 Petitioner next complains he was denied his constitutional right to the effective assistance of counsel because of various acts and omissions by counsel appointed to represent him in the federal district court habeas proceedings. We conclude petitioner cannot bring a claim of ineffective assistance of his habeas counsel.
 
 
 8
 The Sixth Amendment right to counsel does not apply to civil proceedings such as a habeas petition in which a prisoner is collaterally attacking his conviction. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(no constitutional right to counsel in collateral attack on conviction); Williams v. Lockhart, 849 F.2d 1134, 1139 (8th Cir.1988)(habeas relief not available based on ineffective assistance of attorney appointed for state court collateral post-conviction proceedings because no constitutional right to counsel attaches to such proceedings). "In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation...." Coleman, 111 S.Ct. at 2567. Accordingly, because a constitutional right to counsel does not attach to 2254 proceedings, petitioner is not entitled to habeas relief on this ground.
 
 
 9
 Petitioner also maintains he was denied his constitutional right to the effective assistance of counsel in the state trial court proceedings. To establish his counsel's representation was constitutionally ineffective, petitioner must show both (1) counsel's representation fell below an objective reasonableness standard, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland v. Washington, 466 U.S. 668, 689 (1984)(quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The burden of establishing purported deficiencies of counsel must be carried by the petitioner. United States v. Miller, 907 F.2d 994, 1002 (10th Cir.1990). "[O]n an ineffective assistance of counsel claim, under Strickland, we apply a plenary standard of review except for historical facts." Capps v. Sullivan, 921 F.2d 260, 263 (10th Cir.1990)(citing Miller, 907 F.2d at 996-97).
 
 
 10
 Petitioner claims his state trial counsel (1) attempted to sabotage petitioner's state appeal; (2) failed to prepare adequately for trial and performed poorly at trial, failing to present petitioner's case to his satisfaction; (3) was not adequately versed in the law; (4) obstructed his access to private counsel; (5) failed to object to the introduction of evidence; and (6) refused to represent petitioner at the sentencing hearing. Petition for certificate of probable cause, at 2-3.
 
 
 11
 The allegation of an attempt to sabotage petitioner's state appeal is not supported by the record. Petitioner received an appeal of his conviction and sentence to the state court of appeals.
 
 
 12
 In evaluating petitioner's claim that his state court trial attorney failed to investigate and present evidence and witnesses urged by petitioner, we rely on materials presented by petitioner's appellate counsel to the state appellate court alleging many instances of misconduct and dishonesty on the part of several participants in the underlying divorce and custody case, including the judge, the attorneys, the expert witnesses, and the state's governor.[3] In our view, state trial counsel's decision not to present such evidence was "sound trial strategy." Strickland, 466 U.S. at 689.
 
 
 13
 Neither the record nor petitioner's appellate arguments suggests a basis for his assertion that his state trial attorney was not adequately versed in the law; therefore, we cannot address this claim. For the same reason, we cannot address his claim that his state trial attorney obstructed petitioner's access to private counsel. We have already rejected petitioner's claim that constitutional error was committed relative to the passport and malaria issues. Because petitioner does not claim constitutional violations relating to his sentencing hearing, we perceive no constitutionally ineffective assistance of counsel at the sentencing hearing. Accordingly, petitioner's claim of ineffective assistance of his state trial counsel cannot provide a basis for habeas relief.
 
 
 14
 Finally, petitioner alleges the district court erred in refusing to order the state court to provide him a forum. Because the district court did not have authority to do so, we perceive no error. See Olson v. Hart, 965 F.2d at 942 ("Federal courts have no authority to issue a writ of mandamus to a state judge.").
 
 
 15
 Petitioner's application for a certificate of probable cause is GRANTED.
 
 
 16
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 While this case was pending, petitioner successfully completed his probation and was unconditionally released from custody. Because he filed his habeas petition before his probationary period concluded, we have jurisdiction. See Olson v. Hart, 965 F.2d 940, 942-43 (10th Cir.1992)("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief. Moreover, even if the probationary period has expired by now, a petition for habeas relief is not moot, so long as the petition was filed during the probationary period and the conviction will have adverse collateral consequences." (citation omitted)); see also Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)(convictions have lasting effect even though prisoner may have served his time)
 
 
 [3]
 In the ensuing order to show cause why the appellate attorney should not be held in contempt, the appellate court called the allegations "immaterial, impertinent and scandalous." R. Vol. I, doc. 10, ex. F