33 F.3d 63
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Patrick ROSS, Defendant-Appellant.
 No. 93-3113.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Patrick Ross appeals the district court's order granting his request for the names and addresses of the petit jurors in his criminal trial but denying his request to interview or examine those jurors. We affirm.
 
 
 3
 Mr. Ross was convicted of possessing cocaine with intent to distribute and of using a firearm in connection with a drug trafficking offense. His convictions were affirmed on direct appeal. See United States v. Ross, 920 F.2d 1530 (10th Cir.1990). Mr. Ross then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255, claiming inter alia that his trial counsel was ineffective. The district court denied the motion. While the appeal of this denial was pending, Mr. Ross filed his request to interview the jurors. The trial court denied the request on March 15, 1993. This court affirmed the denial of Mr. Ross' section 2255 motion on March 23, 1993. See United States v. Ross, 989 F.2d 508 (10th Cir.1993).[1]
 
 
 4
 We review a district court's ruling on access to jurors for an abuse of discretion. See Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir.1993); see also United States v. Hooshmand, 931 F.2d 725, 737 (11th Cir.1991). We have held that a trial court acts "well within its discretion" in declining to allow inquiry of jurors when there is "no claim of 'external' interference with the jury's deliberate process." United States v. Miller, 806 F.2d 223, 225 (10th Cir.1986). Mr. Ross represented to the district court that he sought to interview the jurors to obtain support for his allegation that he was prejudiced by his trial counsel's incompetent conduct during opening argument. Mr. Ross has thus not alleged that any outside influence affected the jurors' deliberations.
 
 
 5
 Moreover, under Fed.R.Evid. 606(b) the information Mr. Ross seeks would not be admissible in a collateral challenge to his conviction. See Capps v. Sullivan, 921 F.2d 260, 262-63 (10th Cir.1990). "We have strictly construed Rule 606(b) to prohibit a juror from testifying to the effect of anything upon that juror's mind not within the specified exceptions to the rule [for extraneous prejudicial information and outside influence]." Id. at 263. As we held in Capps, '[b]y playing a 'what if' game with jurors who voted to find him guilty, [Mr. Ross] actually is probing their mental process in their deliberations and using the results in an attempt to secure a new trial. This he cannot do under Rule 606(b)." Id.
 
 
 6
 Because Mr. Ross does not seek information concerning external influence upon the jurors, and because the information he does seek would not be admissible in a proceeding to set aside his conviction, the trial court did not abuse its discretion in denying his request to interview the jurors.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The government asserts that Mr. Ross' instant proceeding is in effect a successive section 2255 petition in which Mr. Ross is attempting to relitigate the issue of his trial counsel's competency. However, Mr. Ross filed his juror request before we decided the appeal of his section 2255 motion. Under the unusual posture of this case, we decline to apply the procedural bar